### John Bradford v. The State.

#### No. 5434.   Decided October 15, 1919.

**Incest—Accomplice—Corroboration—Sufficiency of the Evidence.**

Where, upon trial of incest, the accomplice testimony was sufficiently corroborated to sustain the verdict, there was no reversible error.

Appeal from the District Court of Fannin. Tried below before the Hon. Ben H. Denton.

Appeal from a conviction of incest; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*E. A. Berry*, Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of incest with his daughter, his punishment being assessed at ten years confinement in the penitentiary.

She testified to the incestuous intercourse covering more than a year. She gave birth to a child which she says was the child of her father. She is corroborated sufficiently, by the testimony of her sister as to the intimacy of her father with the prosecutrix. The corroboration of her sister, the accomplice witness, is circumstantial, but in view of the whole record sufficient. Appellant took the stand and denied the matter, and stated that prosecutrix told him that Foster Ayres was the father of her child. There are other facts in the case of a circumstantial nature to the effect that she did not have beaus, associated with no young men or other male friends; that Foster Ayers did not associate with her and she lived in the house with her father, and after her older sister married took charge of the house as housekeeper; that her mother had been dead for about seven years. Take the record as a whole, we are of opinion that the accomplice witness is sufficiently corroborated to sustain the verdict of the jury.

The judgment will be affirmed.

*Affirmed.*